### KICKELS *v.* FEIN.

[No. 15,389. Filed October 11, 1937. Rehearing denied November 23, 1937. Transfer denied February 1, 1938.]

*McMahan, Strom & Hulbert,* for appellant.

*Call & Call,* for appellee.

WOOD, J.—This is an action against the appellant for the recovery of damages for personal injuries sustained by appellee in falling into an elevator shaft in the garage of appellant, as the result of the alleged negligence of appellant in permitting the platform of said elevator to be and remain above the first floor of the garage, and failing to properly guard the elevator shaft by placing the gate intended and used for that purpose in proper position to prevent persons from walking or falling into said shaft.

The cause was tried upon the first and third paragraphs of complaint. The allegations in each paragraph of complaint were substantially the same, except that in the first paragraph the appellee alleged: "That defendant by and through his servants and employees at or immediately prior to said time, wholly unknown to the plaintiff, had negligently and carelessly permitted said elevator platform to be and remain above said first floor and had fastened the said first floor elevator gates up above said floor in such manner that said elevator shaft was then open and wholly unguarded, which condition was unknown to and could not be seen by plaintiff."

In the third paragraph appellee alleged: "That defendant by and through his servants and employees, at or immediately prior to said time, wholly unknown to this plaintiff had negligently and carelessly permitted said elevator platform to be and remain above said first floor and had negligently and carelessly failed to so manipulate and operate the gates of said elevator shaft that said gates were above said first floor and thus said elevator shaft negligently and carelessly permitted to be open and wholly unguarded at said first floor, which condition was unknown to and could not be seen by plaintiff."

These paragraphs of complaint were answered by a general denial.

On these issues the cause was submitted to the court and jury for trial, resulting in a verdict in favor of appellee, in accordance with which a judgment was rendered. Within due time the appellant filed a motion for a new trial which was overruled, and appellant appeals. The only errors assigned for reversal and not waived are, that the court erred in overruling appellant's motion for judgment on the jury's answers to interroga-

tories, and that the court erred in overruling appellant's motion for a new trial.

The causes properly alleged for a new trial, discussed in appellant's brief, and not waived, are that the verdict of the jury is not sustained by sufficient evidence, that the verdict of the jury is contrary to law, that the damages assessed are excessive, error in the admission and exclusion of the testimony of certain witnesses, error in the admission in evidence of certain exhibits, error of the court in giving to the jury each of certain instructions of its own motion, that the defendant was prevented from having a fair and impartial trial because of accident and surprise which ordinary prudence could not have foreseen and guarded against.

Appellant's independent assignment of error, that the court erred in overruling his motion for judgment on the jury's answers to interrogatories properly presents that question for our consideration. *Cincinnati, etc., Co.* v. *Cregor* (1898), 150 Ind. 625, 50 N. E. 760.

The rules by which this court is guided in determining whether the trial court has committed error in overruling a motion for judgment on the answers of a jury to interrogatories submitted to it, have been so often stated by our Supreme Court and this court that it is unnecessary to incorporate them in this opinion. We have examined such portion of the record as is permissible under those rules, and from such examinations, supplemented by the presumptions indulged in favor of the general verdict in such instances, conclude that the court's action in overruling appellant's motion for judgment on the jury's answers to interrogatories *non obstante verdicto* was not erroneous.

The appellant insists that the verdict of the jury is not sustained by sufficient evidence and that it is contrary

to law. These contentions are not sustained by the record.

The jury awarded appellee damages in the sum of $6,000. Appellant says this amuont is excessive. We cannot agree with this contention. The evidence upon this phase of the case is not conflicting. A verdict will not be disturbed on appeal on the ground of excessive damages unless it is so excessive as to indicate that the jury acted from prejudice, passion, partiality or corruption. *Cleveland, etc., Co.* v. *Hadley* (1908), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527; *Clevenger* v. *Kern* (1935), 100 Ind. App. 581, 197 N. E. 731, and authorities there cited. The record before us does not present a set of facts bringing it within the above rule.

During the trial of this cause, counsel for appellant, while cross-examining a witness called to testify for and on behalf of the appellee, handed the witness a written statement purported to have been signed by him, and the record shows that at this stage of the cross-examination, questions were asked of the witness to which answers were given as follows: "Question: It is easier for you to remember things adverse against Mr. Kickels now you are testifying in this lawsuit? Answer: I don't consider I am testifying against Mr. Kickels, Mr. Kickels is not the loser in this case. Question: Isn't it a fact that you are angry at Mr. Kickels? Answer: That hasn't a thing to do with Mr. Kickels. If Mr. Kickels does lose, Mr. Kickels is not losing by it." No objection was made to these answers, nor was any motion made to strike them from the record at that time. Following this cross-examination by counsel for appellant counsel for appellee on redirect examination of this same witness, referring to the written statement, concerning which the witness had been interrogated on cross-examination, asked him the following

question: "Do you remember who asked you to sign that statement, marked plaintiff's exhibit Number One?" to which the witness answered, "As far as I remember, there was a man from the insurance company came down and asked me a few questions and asked me to sign this statement." There was no objection made to the question or answer, nor was there any motion made to strike the answer from the record at that time. At a later period in the trial of the cause and during the time when another witness was testifying, basing the motion upon the above questions and answers, the appellant moved the court to withdraw the submission of the cause from further consideration by the jury, because the appellee by the witness in question injected the subject of insurance into the case by both questions and answers designed for that purpose, and by reason of the statements of the witness on cross-examination. The appellant complains of the action of the trial court in overruling this motion. Whether or not this motion was timely made we do not decide, but conceding that it was, still an examination of the record fails to uphold appellant's contention. From the questions and answers which we have heretofore set out, it appears that it was upon cross-examination of appellee's witness by appellant that the first statements of which he complains were made in answer to questions propounded to the witness by his counsel and these answers went unchallenged at that time. It is worthy of note that these questions and answers were not brought into the record by any act of the appellee or his counsel. The record shows that on cross-examination the witness was interrogated somewhat in detail regarding a written statement which he signed. On redirect examination counsel for appellee propounded the question to which answer was made as above set out of which appellant complains and which went unchallenged at the time. In view of the cross-

examination to which the witness had been subjected by appellant concerning the preparation, contents and signing of·the statement, we think it was proper for appellee on redirect examination to propound the question to the witness and that the appellant is not in a position to complain because of the answer made thereto.

As said by the court in *Faber* v. *Reiss Coal Co.* (1905), 124 Wis. 554, 563, 102 N. W. 1049: "The line of demarcation between prejudicial and non-prejudicial remarks of this character cannot be readily drawn. Each case depends largely upon the circumstances by which they are elicited, and their probable effect upon the jurors." The real test is, was there such lack of good faith upon the part of counsel under all the circumstances confronting the court and jury in this particular case as that it cannot reasonably be said that the rights of the appellant were not prejudiced thereby. There is nothing in the record to indicate that either the appellee or his counsel did or persisted in improperly doing any thing or committing any act for the purpose of bringing to the attention of the jury the fact that the appellant was insured if such was the fact, or that his rights have been prejudiced in any way. *O'Connor & Co.* v. *Gillaspy* (1908), 170 Ind. 428, 83 N. E. 738; *Clevenger* v. *Kern, supra,* and authorities there cited; *Gianini* v. *Cerini* (1918), 100 Wash. 687, 171 Pac. 1007; *Jones* v. *Sinsheimer* (1923), 107 Ore. 491, 214 Pac. 375; *Savage* v. *Hayes Bros. Co.* (1908), 142 Ill. App. 316; see also 56 A. L. R. note p. 1418; 74 A. L. R. note p. 849; 95 A. L. R. note p. 388.

Appellant complains of the admission in evidence over his objection of certain X-ray photographs of injuries sustained to appellee's right leg. Identification of X-ray photographs by the surgeon under whose direction and for whose use they were taken and

by whom they were used in his diagnosis of the wound under his treatment, is sufficient for their admission in evidence although the pictures were not taken or developed in his presence. *Jenkins* v. *Charleston Gen. Hospital* (1922), 90 W. Va. 230, 110 S. E. 560, 22 A. L. R. 323; *Jones* v. *Sinsheimer, supra.* The record shows that these requirements were complied with in detail.

While appellant criticizes several instructions given to the jury by the court of its own motion, the burden of his criticism is directed against instruction No. 17, which reads as follows: "You are further instructed that where an accident happens, resulting in injury to a person or his property, where it appears that the instrumentalities causing the accident were under the control or management of the defendant, and the accident is such that under the ordinary course of things it would not occur if those who have control and management used reasonable and ordinary care, then, in the absence of evidence to the contrary, this would be evidence that the accident occurred from the lack of such reasonable and ordinary care. In such case the happening of the accident from which the injury results creates a presumption of negligence and shifts to the defendant the burden of proof that it was not caused through any lack of reasonable or ordinary care on his part. This is the rule known as *res ipsa loquitur* and means 'the thing speaks for itself.'" The specific objections urged against the instruction are, that the rule of *res ipsa loquitur* cannot apply under the issues tendered by appellant's complaint, that the actual cause of the injury was known and that therefore the rule did not apply, that it invaded the province of the jury, that it did not limit the application of the rule to instrumentalities under the exclusive control of appellant, that it applied the rule to proximate cause, that it

informed the jury that the burden of proof shifted from appellee to appellant.

In the case of *Union Traction Co.* v. *Berry* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737, our Supreme Court in discussing the rule of *res ipsa loquitur* said (p. 530) : "The existence or application of the rule of *res ipsa loquitur* does not in any way depend on the standard of care imposed by law; but it depends entirely on the nature of the occurrence out of which the injury arises. Where the agency or thing which causes the injury is in the exclusive control of the defendant or his agents, and the occurrence which produces the injury is one which in its nature does not ordinarily happen if those in charge exercise due care, the thing itself speaks; and proof of such an occurrence makes a *prima facie* case of negligence against the defendant. . . . It may be stated, however, that the application of the rule has not been limited to cases involving injuries to passengers, but it has been applied to cases in which ordinary care has always been the recognized standard." For other cases where the rule is discussed and applied, see *Cleveland, etc., Co.,* v. *Hadley, supra; Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577; *Pittsburgh, etc., Co.* v. *Arnott* (1920), 189 Ind. 350, 126 N. E. 13; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600; *Pittsburgh, etc., Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 107 N. E. 315; *Artificial Ice Co.* v. *Waltz* (1927), 86 Ind. App. 534, 146 N. E. 826. While the rule applies to the question of negligence, it does not apply to the question of proximate cause. *Pittsburgh, etc., Co.* v. *Arnott, supra.* The rule is not resorted to for the purpose of creating negligence. It is not so potent as to convert into a negligent act that which is otherwise due care, nor does it dispense with the rule that he who alleges negligence must prove it.

In certain cases it is merely a process by which negligence may be shown. It only permits the plaintiff to place in the scales in connection with the proof of the accident and enough of the accompanying circumstances to invoke the rule, a presumption, the aggregate effect of which is prima facie proof of negligence. *Pittsburgh, etc., Co.* v. *Hoffman, supra.*

Both paragraphs of the complaint on which the cause was tried alleged facts showing that the appellee was upon the premises of appellant as an invitee, and that at the time he fell into the elevator shaft, which was under the control of appellant, and which he negligently maintained on his premises, appellee was acting under the direction of an employee of appellant, who at the time was acting within the scope of his authority. There was evidence before the jury which justified it in finding that these allegations had been proven. It has been said that "The application of the rule originates from the nature of the act done, rather than from the relations existing between the parties to such act," *Pittsburgh, etc., Co.* v. *Hoffman, supra.* In the instant case, the appellee was upon the appellant's premises as an invitee; it was appellant's duty to maintain his premises in a reasonably safe condition in order to prevent injury to appellee while thereon as an invitee; and appellee had a right to assume under such circumstances that they would be so maintained. *Clark Fruit Co.* v. *Stephan* (1930), 91 Ind. App. 152, 170 N. E. 558, so the rule of *res ipsa loquitur* would apply under the issues tendered and the evidence adduced in support thereof. *Southern, etc., Co.* v. *Adams* (1913), 52 Ind. App. 322, 100 N. E. 773; *Louisville, etc., Co.* v. *Worrell* (1909), 44 Ind. App. 480, 86 N. E. 78; *Talge, etc., Co.* v. *Hockett* (1914), 55 Ind. App. 303, 103 N. E. 815; *Pittsburgh, etc., Co.* v. *Hoffman, supra.*

The language of the instruction does not violate the

rule that *res ipsa loquitur* is not applicable if the actual cause of the occurrence which resulted in the injury is known. By the instruction the jury was informed that when certain facts were found to exist they would be evidence that the accident occurred from want of reasonable and ordinary care, *"in the absence of evidence to the contrary,"* thus leaving the question to the jury for its determination. (Our italics.) Appellant's contentions that the instruction invaded the province of the jury and that it authorized the jury to apply the rule of *res ipsa loquitur* in determining the proximate cause of the injury are not sustained by the record. We do not think that the failure of the court to say to the jury that the instrumentalities causing the accident should be under the *exclusive* control and management of the appellant in any way prejudiced his substantial rights or misled the jury under the facts and circumstances presented by the record. Finally, the appellant says that the giving of the instruction was reversible error because of the language therein, informing the jury that the burden of proof shifted to appellant, to prove that the accident was not caused through any lack of reasonable or ordinary care on his part.

In the case of *Cleveland, etc., Co.* v. *Hadley, supra,* which, on the question now under consideration has never been modified or overruled, the court had before it for consideration an instruction dealing with the rule of *res ipsa loquitur* in which substantially the same language which the appellant here criticizes with much vigor was used. The court held that the language used in that instruction did not constitute reversible error. Upon the authority of the above case which contains a full consideration of the question now before this court we hold that the use of the language complained of did not constitute reversible error. Furthermore the jury

was informed by instructions two and four that under
the issues the burden was upon the appellee to prove
the material allegations of his complaint by a "fair"
preponderance of the evidence, and that if he failed in
so doing he could not recover.

Complaint is also made of the giving of each of in-
structions No. 1, 6, 7, 22, 27, 33, and 34, by the court
of its own motion. We have examined each one of these
instructions. Appellant's criticisms are without merit.
We would not be warranted in discussing each of them
in detail. The jury was fully and fairly instructed.

Appellant also complains of various rulings of the
court in the admission and exclusion of evidence both
on direct and cross-examination of witnesses who were
called to testify. An investigation of those several rul-
ings fails to disclose any instance where they violated
any established rule of evidence or where they exhibited
an abuse of discretion on behalf of the court prejudicial
to appellant's rights.

Finally appellant complains of the refusal of the court
to grant him a new trial because of accident or surprise
which ordinary prudence could not have guarded
against. The record shows that one Paul Fried-
man was subpoenaed by the appellant to testify
as a witness in his behalf. When in response to this
subpoena he appeared in court he was called to the wit-
ness stand by appellee to testify as a witness in his
behalf. It was while this witness was testifying in that
capacity and not as a witness for the appellant, for the
record fails to show that Friedman was ever called to
the witness stand by the appellant to testify as a wit-
ness in his behalf, that the appellant says Friedman
testified to facts entirely contrary to those which the
appellant and his counsel insist he related to them, and
to which he would testify if called as a witness. When
Friedman was testifying he was not testifying as ap-

pellant's witness but as his adversary's witness. To sustain appellant's contention would be extending the right to a new trial because of accident or surprise on account of the nature of the testimony of an adversary's witness into boundless and unexplored realms not within the purview of the statute. Affidavits were filed in support of and in opposition to this cause for a new trial. The trial court passed upon their sufficiency and determined the issue against appellant. This court cannot say from the record as it comes to us that the trial court abused its discretion in this particular. See *Stewart* v. *Smith* (1887), 111 Ind. 526, 13 N. E. 48; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 61 N. E. 565; *De Shone* v. *State* (1934), 207 Ind. 380, 193 N. E. 223.

Finding no reversible error, the judgment is affirmed.

Curtis, J., not participating.