Ervin T. KRAKLAU, Plaintiff-Appellant,

v.

Colby BAYMAN, doing business as C. J. Bayman Trucking Company and Marvin Allen Bowers, Defendants-Appellees.

No. 14055.

United States Court of Appeals Seventh Circuit.

June 6, 1963.

Louis P. Miller, Raymond L. McClory, Chicago, Ill., for plaintiff-appellant.

Otto E. Grant, Jr., J. A. Bruggeman, Barrett, Barrett & McNagny, Fort Wayne, Ind., for defendants-appellees.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Ervin T. Kraklau brought this action to recover damages for per-

sonal injuries resulting from a rear end motor vehicle collision between two trucks. Defendants were Colby Bayman, doing business as C. J. Bayman Trucking Company, owner of a tractor-trailer combination, and Marvin Allen Bowers, driver of the Bayman vehicle. Jurisdiction was based on diversity of citizenship.

Plaintiff charged that his injuries resulted from alleged negligent operation of defendants' vehicle. Trial was had by a jury which returned a verdict in favor of defendants, upon which the trial court entered judgment. This appeal followed.

The sole questions presented for review are whether there was sufficient evidence to sustain the jury verdict and whether the trial court erred in refusing to give to the jury plaintiff's tendered instruction on the doctrine of res ipsa loquitur.

On October 28, 1959, at about 5:30 p. m., plaintiff (age 38) was driving a tractor-trailer combination west on U. S. Highway 20 at the east edge of La-Grange, Indiana. At the same time, defendant Bowers (age 19) was driving the Bayman combination west on said highway behind and following plaintiff.

Highway 20 was intersected near this location by "three sets of railroad tracks." The blacktop surface of the highway at the railroad intersection was worn and rough.

As the two vehicles approached La-Grange they were traveling about 40 or 45 miles per hour. Bowers was following plaintiff at an interval of about 300 feet as they passed over the crest of a hill. They continued down grade toward the railroad crossing. Plaintiff had been aware for some time that defendants' vehicle was following him. Plaintiff knew the crossing was rough and either slowed down to about 5 miles an hour or stopped at the crossing. At the time of the slow down or stop, defendants' combination was about 100 to 125 feet behind plaintiff's truck. Bowers applied his brakes and skidded his truck. But, before he could stop, the front end of

defendants' truck collided with the rear end of plaintiff's trailer.

The vehicles were substantially damaged. Plaintiff's head struck and broke a pane of safety glass back of the driver's seat. It is alleged this collision caused his resulting injuries.

Plaintiff's complaint charged defendants with eleven acts of causal negligence. These may be summarized as generally charging Bowers with negligent operation of Bayman's truck in following plaintiff, failing to avoid the collision and having his truck equipped with inadequate brakes.

Defendants contended they were free from negligence and that the accident was caused by plaintiff's negligence in bringing his truck to a sudden stop at the railroad crossing without sufficient warning to enable Bowers to avoid the collision.

We do not deem it necessary to further summarize the evidence concerning the events preceding the accident and the collision itself. It is sufficient to say that it was in sharp conflict in certain material respects and cannot be reconciled.

It is elemental that in reviewing the question of sufficiency of the evidence to sustain a jury verdict that we must look to all the evidence in the record, together with all reasonable inferences to be drawn therefrom, and in the light most favorable to the prevailing party. The weight to be accorded the testimony of any witness and the credibility of witnesses are matters peculiarly within the sole province of the jury. We are not warranted in setting aside a jury verdict where the evidence and inferences properly drawn therefrom are such that reasonable men in the fair and impartial exercise of their judgment may reach different conclusions therefrom. In a case such as the one now before us, the primary question to be decided is whether under the facts, as shown by the record, a case was properly made out to justify its submission to the jury. See Pinkowski v. Sherman

Hotel, 7 Cir., 313 F.2d 190 (1963), and cases cited therein.

 We have carefully reviewed the record in this case and find that there was sufficient evidence to support the jury verdict. The jury would have been warranted in finding plaintiff guilty of contributory negligence or that plaintiff's negligence was the sole proximate cause of the accident in question. Under this record, all critical questions of negligence relating to the determination of the issue of ultimate liability were for jury determination.

In passing, we note that at no time during the trial did plaintiff tender a motion for a directed verdict or seek an instruction presenting the question of recovery as a matter of law. Certainly, under the record in this case, we cannot hold that plaintiff was entitled to recover as a matter of law.

The trial court refused to give plaintiff's tendered instruction on the doctrine of res ipsa loquitur on the ground that it was not properly applicable to the facts in this case. The several rules governing this doctrine as applied by the courts in Indiana are set out in Baker v. Coca Cola Bottling Works of Gary, 132 Ind.App. 390, 177 N.E.2d 759 (1961). This case and the authorities cited therein support the ruling of the trial court.

The general rules are well summarized in 38 Am.Jur., Negligence §§ 298–311 (1954). "Where all the facts attending the injury are disclosed by the evidence, and nothing is left to inference, no presumption or inference can be indulged, and the doctrine of res ipsa loquitur has no application." Id. § 299. "If it appears that two or more instrumentalities, only one of which was under Defendant's control, contributed to or may have contributed to the injury, the doctrine cannot be invoked." Id. § 300. "The doctrine of res ipsa loquitur has no application where all the facts and circumstances appear in evidence. Nothing is then left to inference and the necessity for the doctrine does not exist. Being a rule of necessity, it must be invoked only where evidence is absent and not readily available. It is not to be invoked when the evidence is available, and certainly not when it is actually presented." Id. § 303.

 In the instant case, each of the two truck drivers related his version of how the collision occurred. There was a conflict in their testimony. The determination of negligence or lack of negligence was for the jury. Negligence was not to be presumed merely because there was a rear end collision. There was direct evidence of what transpired. The trial court did not err in refusing to give the tendered instruction.

We have considered all other propositions urged by plaintiff and find them to be without merit. This was a typical rear end collision case with the usual attending conflicts and disputes. It was fairly tried. The jury found for the defendants. Under the record before us, the jury was justified in reaching such a verdict.

The judgment of the district court is affirmed.

Affirmed.