## THOMAS SULLIVAN v. ROGER BAYLOR.

[No. 1-474A63. Filed April 14, 1975.]

*David V. Scott, Kelso & Scott,* of New Albany, *John E. Wise,* of Louisville, Kentucky, *Gerald A. Gernstein,* of Jeffersonville, for appellant.

*Randolph L. Foxworthy, Charles R. Disque, Henderson, Dailey & Foxworthy,* of Indianapolis, *Richard L. Mattox, Orbison, O'Connor, MacGregor & Mattox,* of New Albany, for appellee.

ROBERTSON, C.J.—The plaintiff-appellant (Sullivan) brings this appeal from the granting of a motion for judgment on the evidence in favor of the defendant-appellee (Baylor).

The single issue on appeal is whether the trial court erred in granting the motion for judgment on the evidence, thereby removing the issue of liability from the consideration of the jury.

We hold that no error was committed.

The facts are that Baylor asked his friend and neighbor, Sullivan, to assist him in erecting a basketball goal on Bay-

lor's property. Sullivan agreed to help the following day when he returned from work. Upon arriving home, Sullivan saw that Baylor had begun preparation and crossed the road to assist him. Sullivan looked around and noticed that the goal post was positioned on the ground with the bottom end butted against a board protruding from the post hole. Baylor had connected his tractor to the goal post with two long chains attached to the top of the goal post assembly.

Baylor's plan was to raise the goal post with the tractor and slide it into the hole. To lessen the power needed to raise the goal, Baylor planned to exert his force by pulling at an angle. To keep the post from rotating at its base, Sullivan was to position himself between the post and the tractor and hold a 10 ft. 2 x 4 against the top of the goal post. After explaining his plan, Baylor warned Sullivan that if the post began to fall to be sure to get out of the way.

When Baylor started his tractor, Sullivan placed the 2 x 4 into a seam between the post and the backboard. As the post was slowly raised it became more difficult for Sullivan to exert pressure. Once the post was raised above the length of the 2 x 4, it began to fall. Sullivan turned to run, but tripped over another 2 x 4 left in the area. The goal post fell on his right leg and ankle. He was taken to the hospital where it was determined that his right ankle was broken.

Sullivan filed suit for damages alleging that his injuries were caused by Baylor's negligence. After Sullivan had completed the presentation of his evidence, Baylor successfully moved for judgment on the evidence. This appeal follows.

The motion for judgment on the evidence, as provided for by Ind. Rules of Procedure, Trial Rule 50, should be granted only when the evidence is without conflict and is susceptible of but one inference in favor of the moving party. *Adkins* v. *Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160; *Mamula* v. *Ford Motor Company* (1971), 150 Ind. App. 179, 275 N.E.2d 849; *Jordanich* v. *Gerstbauer* (1972), 153 Ind. App. 416, 287 N.E.2d 784.

We are of the opinion that the evidence adduced at trial establishes as a matter of law that Sullivan incurred the risk of his injuries.

The doctrine of incurred risk has been defined as follows:

"The doctrine of incurred risk is based upon the proposition that one incurs all the ordinary and usual risks of an act upon which he voluntarily enters, so long as those risks are known and understood by him, or could be readily discernible by a reasonable and prudent man under like or similar circumstances." *Stallings et al* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82.

Thus, the doctrine is applicable when two elements are present. First, the plaintiff must act voluntarily. Second, he must know and understand the risk to which he voluntarily exposes himself or in the exercise of reasonable care should know and understand the risk.

In the present case, the facts clearly establish that Sullivan voluntarily assisted Baylor in attempting to raise the goal post. There are no facts in the record that would support a contrary inference. Baylor asked Sullivan if he would help erect the goal and Sullivan consented to do so.

It is also equally apparent that Sullivan was aware of the risks involved in the undertaking. The risk that the goal post might fall was obvious. Sullivan positioned himself with the 2 x 4 for the sole purpose of preventing the goal post from rotating at its base and falling. Moreover, he had been warned by Baylor ". . . if it starts to fall get out of the way and let it go."

As for the 2 x 4 which prevented his escape, Sullivan testified that he had observed three long boards in the immediate area when he first arrived. There is no evidence in the record that would support an inference that the boards were hidden or should not have been apparent to any reasonable and prudent man under the circumstances.

For the above reasons, it is our opinion that the undisputed evidence produced at trial establishes that Sullivan incurred the risk as a matter of law and no jury question was presented.

The trial court was correct in granting the motion for judgment on the evidence.

Judgment affirmed.

Lowdermilk, J., concurs; Lybrook, J., dissents with opinion.

## DISSENTING OPINION

LYBROOK, J.—I respectfully dissent from the result reached by the majority, remaining unconvinced that Sullivan incurred the risk of his injuries as a matter of law.

The majority opinion correctly states the doctrine of incurred risk as set forth in *Stallings et al.* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82. For the doctrine to be applicable the plaintiff must act voluntarily and either know and understand the risk or in the exercise of reasonable care should know and understand the risk. While the facts in the case at bar are not complex and while the doctrine of incurred risk is clearly stated, my difficulty arises in applying the doctrine to the facts as a matter of law. While the facts might well have supported a jury finding that Sullivan incurred the risk, it does not necessarily follow that he did so as a matter of law.

The mere fact that both the goal post assembly and the 2 x 4's were in plain view of the plaintiff does not compel the conclusion that any danger and risk should have been obvious as a matter of law.

In *Coleman et ux.* v. *DeMoss* (1969), 144 Ind. App. 408, 246 N.E.2d 483 the court rejected the doctrine of incurred risk as a matter of law where plaintiff and his wife were crossing a ditch on defendant's land. The court held that the issue of whether the dangers of the ditch were so glaring that a reasonably prudent man should have abandoned the premises was for the jury:

"Admittedly, though it cannot be said that appellee and his wife did not assume the risk, as was discussed, *supra,* it can be contended that with knowledge of the defect and their voluntary persistence to cross the ditch for a period

of months, appellee and his wife may have incurred the risk. However, under the evidence of record there appears the issues of whether the dangers of the ditch were so glaring that a reasonably prudent man should have abandoned the premises to keep from encountering them and whether no reasonable man would have made the decision to cross the ditch under the circumstances. These were proper issues for the jury and they absolved those issues in favor of appellee. We will not substitute our judgment for theirs. Therefore, we conclude that appellants were not entitled to a directed verdict nor can it be said that the verdict entered, was contrary to law."

Under the facts of the case at bar, I am unable to conclude that the dangers incident to the proposed operation were so glaring that a reasonably prudent person should have abandoned the activity to keep from encountering them. I am also unable to conclude that no reasonable person would have made the decision to continue under the circumstances.

The jury should have been permitted to consider and decide whether plaintiff should have realized the dangers of the defendant's method of operation, including plaintiff's own inability to support the goal pole with a 2 by 4 which proved too short. Further, the jury should have passed upon the questions of whether plaintiff did in fact voluntarily expose himself to the danger and whether there was any doubt as to his understanding and appreciation of the danger in a reasonable time in order to withdraw therefrom. Was defendant's warning sufficient and timely under all the circumstances? The *Stallings* standard dealing with what "could be readily discernable by a reasonable and prudent man under like and similar circumstances" implies submission to the jury where a reasonable inference could be drawn that the plaintiff did in fact act reasonably.

While a "Monday morning quarterback" endowed as he is with 20/20 hindsight could easily conclude that Sullivan should have adopted a different and wiser course, this does not necessarily mean that Sullivan did not act as a reasonable man. That question was for the jury. In my opinion the court's action in directing the verdict in favor of the defendant

cannot be sustained under the doctrine of incurred risk as a matter of law.