Ronald SMITH, d/b/a Smith's Trailer Sales, Appellant–Defendant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee–Plaintiff.

No. 3–1279A355.

Court of Appeals of Indiana, Fourth District.

Oct. 21, 1980.

John J. Lorber, May, Oberfell, Helling, Lorber, Campiti & Konopa, South Bend, for appellant ·defendant.

R. Kent Rowe, Paul M. Oleniczak, Robert C. Douglas, Jr., Rowe & Laderer, South Bend, for appellee plaintiff.

CHIPMAN, Judge.

This appeal arises from a negligence action wherein Insurance Company of North America, (North America) as subrogee of its insured, Basil Metz, d/b/a Tredit Tire Company, (Tredit) sought judgment for damages allegedly caused by an employee of defendant ·appellant Ronald Smith, d/b/a Smith's Trailer Sales (Smith). The complaint charged Smith's employee with negligently starting a trash fire and permitting it to spread to Tredit Tire's property, damaging its building. A jury verdict was returned against Smith for $45,000.

On 'appeal Smith asserts the trial court erred when it: (1) gave plaintiff's tendered instruction on the doctrine of res ipsa loquitur, (2) refused to give one of defendant's tendered instructions, and (3) denied Smith's motion for judgment on the evidence at the close of plaintiff's case.

Judgment affirmed.

I. Res Ipsa Loquitur Instruction

At trial, North America tendered an instruction on the doctrine of res ipsa loquitur which was given by the trial court.[1] Smith

---

1. Plaintiff's requested Instruction No. 8 given by the court provided:

"Ladies and gentlemen of the jury there is a doctrine known in law called 'res ipsa lo-

does not attack the substance of this instruction by arguing it incorrectly states the law on res ipsa loquitur except in so far as it does argue the instruction should not have been given because it is mandatory in nature. Rather than objecting to the form of the instruction, the crux of Smith's argument is that a res ipsa loquitur instruction was improper because (a) a Tredit employee had knowledge of the cause of the fire which destroyed Tredit's building as well as the material facts and circumstances surrounding the fire, and (b) Tredit's employee's knowledge of the situation was superior to the knowledge of the defendant's employee. We reject appellant's arguments regarding the impropriety of giving this instruction.

The record discloses that on December 1, 1975, Jack Craycraft, an employee of Smith's Trailer Sales, decided to burn the trash which had accumulated in the trailer sales office. The testimony showed it was customary for Smith to burn trash either in a trash pit or a barrel beside the pit, both of which were located approximately ten feet from a wire fence demarcating the property line between Smith and Tredit. Mr. Craycraft testified the trash barrel was nearly full of ashes, tin cans, and other refuse left from previous fires; he, nevertheless, placed trash in the top of the barrel, lit the trash, stood beside the fire a short time, and then moved back and watched the fire from the office porch. Shortly thereafter, the phone rang, and Mr. Craycraft indicated he went into the office to answer the phone and never again looked outside to check the fire's progress. All the witnesses agreed it was a cold, windy day.

It appears from the record that in the course of Tredit Tire's business, it often received mag wheels in cardboard boxes, and these boxes were periodically burned for Tredit in Smith's trash pit. The evidence was conflicting, however, as to whether there were wheel cartons in the trash pit beside the barrel on December 1, 1975. The evidence was not, however, in conflict that on the day in question, there was a tier of used tire casings approximately eighteen feet long stacked along the wire fence between the two properties. Tredit ordinarily stacked casings against its building and also along the fence. Since Tredit's building was approximately ten feet from the property line, there was room for two rows of tires next to its building, then a small path divided these tires from the row next to the fence. On December 1, 1975, there were between 250 and 350 tire casings stacked in this area waiting to be removed.

Michael Dines, Tredit's manager, testified that immediately before the fire was discovered, he was installing snow tires for a customer when the customer mentioned smoke was blowing by the garage door and questioned whether the tires outside might be on fire. Mr. Dines opened the garage door and went outside to look around, but saw only a normal trash fire in the pit next to the trash barrel. He further testified that after observing the fire was contained within the pit, he went back inside. Shortly thereafter his customer became alarmed by the smoke and when Mr. Dines looked out this time, he found the tires stacked along the fence were on fire.

Smith argues Tredit's employee's knowledge regarding this situation was greater than Mr. Craycraft's knowledge be-

---

quitur' which may come into effect under certain conditions in a case such as this. In order for the doctrine to apply, you must find that the following facts existed at the time of the occurrence in question:

First: That the plaintiff was damaged as a proximate result of the occurrence.

Second: That the instrumentality or thing causing the damage was under the exclusive control of the defendant.

Third: That the occurrence was of a sort which usually does not occur in the absence of negligence on the part of the party in control.

If you find from a preponderance of the evidence in this case that these facts existed at the time of the fire on the premises of the plaintiff's insured, then you may infer that the defendant was negligent."

cause Mr. Dines had seen the fire burning unattended on the ground, outside the trash barrel; consequently, Smith contends it was improper to give a res ipsa loquitur instruction. While evidence indicating the fire was on the ground helped to support the reasonable inference that the fire started by defendant's employee and left unattended spread to plaintiff's property, we do not believe Mr. Dines' observations support the conclusion that he had greater knowledge of the material facts and circumstances. This was not a situation where the parties were engaged in a common endeavor, and consequently, it was apparent the plaintiff should have knowledge equal to that of the defendant and be equally aware of the risks involved, *see, e. g., Hunsberger v. Wyman*, (1966) 247 Ind. 369, 216 N.E.2d 345; *Sullivan v. Baylor*, (1975) 163 Ind.App. 600, 325 N.E.2d 475, *see also Chicago, I. & L. Ry. Co. v. Sanders*, (1908) 42 Ind.App. 585, 86 N.E. 430, nor was the danger, by virtue of the circumstances, so obvious, imminent, and glaring that Mr. Dines should have been aware the situation was openly fraught with peril. *See, e. g., Phillips v. Croy*, (1977) Ind.App., 363 N.E.2d 1283; *Christmas v. Christmas*, (1974) 159 Ind.App. 193, 305 N.E.2d 893; *Stallings v. Dick*, (1965) 139 Ind.App. 118, 210 N.E.2d 82. Under these types of situations, the doctrine of res ipsa loquitur is, indeed, inapplicable. In the case at bar, however, Mr. Dines was not aware the fire had spread from the barrel, and although he did not see anyone attending the fire during his brief observation, he certainly did not know Smith's employee had completely abandoned the fire.

█ Unless a party has notice to the contrary, he has the right to assume others who owe him a duty of reasonable care will exercise such care. *Phillips v. Croy*, (1977) Ind.App., 363 N.E.2d 1283; *Hi–Speed Auto Wash, Inc. v. Simeri*, (1976) Ind.App., 346 N.E.2d 607. It is not mere knowledge of the condition, i. e., fire on the ground, which will charge a party with negligence; he must also appreciate the peril. *Hi–Speed Auto Wash, Inc. v. Simeri, supra.* Further, we note that even where evidence of contributory negligence is present, there

is still no reason to take res ipsa loquitur out of the case, *New York, Chicago & St. Louis R.R. v. Henderson*, (1957) 237 Ind. 456, 146 N.E.2d 531, provided the instrumentalities which produced the injury were under the exclusive charge of the defendant or his servants and the accident is such as does not occur in the ordinary course of events if those in charge use proper care. *New York, Chicago & St. Louis R.R., supra* ; *William H. Stern & Son, Inc. v. Rebeck*, (1971) 150 Ind.App. 444, 277 N.E.2d 15; *Kickels v. Fein*, (1937) 104 Ind.App. 606, 10 N.E.2d 297; 21 I.L.E. Negligence § 163. Under these conditions, proof of the accident is sufficient to invoke the doctrine of res ipsa loquitur and thereby create a prima facie case of negligence.

█ Although the doctrine may not be available where there is direct evidence as to the precise cause of the accident and all the facts and circumstances surrounding the occurrence clearly appear, *Kraklau v. Bayman*, (1963) 318 F.2d 400 (7th Cir.) (rear end collision, direct conflicting evidence of what occurred); *Baker v. Coca Cola Bottling Works of Gary*, (1961) 132 Ind.App. 390, 177 N.E.2d 759, there is no reason in law why a plaintiff may not offer evidence which tends to show specifically the items of negligence and still also rely upon the inference permitted under res ipsa loquitur, *Merriman v. Kraft*, (1969) 253 Ind. 58, 249 N.E.2d 485; *New York, Chicago & St. Louis R.R., supra*, as long as the plaintiff is unable to show directly the particular act of negligence which caused the injury. A party may aver specific omissions of duty as the source of the injury and yet not be deprived of the benefit of this doctrine where there is no direct evidence of what transpired. For example, in the case at bar, the plaintiff could only raise a reasonable inference regarding how the tires on Tredit's property caught fire. North America could not produce direct evidence of a particular act of negligence which started the fire on Tredit's property.

Applied to the facts before us, we believe res ipsa loquitur was properly applied since

Mr. Dines' knowledge of the danger posed by this fire did not equal or exceed that of defendant's employee. Only Mr. Craycraft could have known the wind had blown the fire from the barrel and that the fire was completely unattended. We hold that although North America was able to produce some evidence indicating Smith's employee was negligent, the trial court did not commit reversible error in giving the tendered instruction on res ipsa loquitur. *Phoenix of Hartford Insurance Companies v. League, Inc.,* (1973) 155 Ind.App. 342, 293 N.E.2d 58; *Wass v. Suter,* (1949) 119 Ind.App. 655, 84 N.E.2d 734; *see also Kickels v. Fein,* (1937) 104 Ind.App. 606, 10 N.E.2d 297.

We also reject Smith's assertion this instruction was mandatory in nature and, therefore, should not have been given. A mandatory instruction unequivocally charges the jurors that if they find from a preponderance of the evidence a certain set of facts exists, they must render a verdict in accordance therewith for the plaintiff or defendant. *Illinois Central Gulf R.R. v. Parks,* (1979) Ind.App., 390 N.E.2d 1073. Instructing the jury they could infer the defendant was negligent was not a mandate to render a verdict for the plaintiff. Clearly, negligence per se is not liability per se. Under this instruction a presumption of negligence was permitted, but North America still had to prove the other elements of its case which included showing this negligence was the proximate cause of Tredit Tire's injuries.

## II. Refusal of Smith's Tendered Instruction

Smith argues the trial court erred when it refused to give the following instruction:

"The plaintiff, Insurance Company of North America, has charged the defendants with various acts of negligence in connection with the fire that destroyed the premises and property of plaintiff's insured, Basil Metz. In order for the defendants' alleged acts or omissions in connection with the fire to constitute negligence, the defendant, Jack Craycraft, must have had knowledge, or in the

exercise of reasonable case should have had knowledge, that such alleged acts or omissions involved a danger to others. Where a person has no knowledge, actual or constructive, of the danger which may result from his act or omission, then he is not negligent for committing or omitting such acts.

The law imposes the same standard of care on both parties and it cannot be said that the duties of the defendants to exercise care are any greater than those imposed upon the plaintiff's insured for his own safety. Where two parties have the same knowledge and the same opportunity for knowledge, they each have the same duty to exercise reasonable care, which includes the duty to see and to appreciate what can be seen and appreciated and to take reasonable precautions to avoid the perceived danger. No liability, therefore, can be imposed upon the defendants if the plaintiff's insured, Basil Metz, or his employee, Michael Dines, had knowledge, or in the exercise of reasonable care should have had knowledge of any danger, peril or hazardous condition resulting from the unattended fire, if such knowledge on the part of the plaintiff's insured, Basil Metz, or his employee, Michael Dines, equalled or surpassed such knowledge on the part of the defendants."

We agree with Smith's initial assertion that a party is entitled to have an instruction submitted to the jury based upon his theory of the case if it accurately states the law, is within the issues, and is supported by the evidence. *Indianapolis Horse Patrol, Inc. v. Ward,* (1966) 247 Ind. 519, 217 N.E.2d 626. It must, however, also be observed that the giving of jury instructions is primarily entrusted to the trial court's discretion, *Buttram v. State,* (1978) Ind., 382 N.E.2d 166; *Hackett v. State,* (1977) 266 Ind. 103, 360 N.E.2d 1000, and the trial court's refusal to give a tendered instruction will be grounds for reversal only if the substance of the instruction was required to be given and was not adequately covered by other instructions which the

court gave. *Vacendak v. State*, (1976) 264 Ind. 101, 340 N.E.2d 352; *Luckett v. State*, (1978) Ind.App., 381 N.E.2d 560. Thus, in determining whether any error resulted from the refusal to give a tendered instruction, we consider: (1) whether the tendered instruction is a correct statement of the law, (2) whether there is evidence in the record to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions which were given. *Stowers v. State*, (1977) 266 Ind. 403, 363 N.E.2d 978; *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836.

■■ The giving of this instruction is not supported by the evidence since it is premised upon the concept which we rejected in our discussion of Issue I, i. e., that both Tredit's employee and Smith's employee had equal knowledge of the danger presented by the situation. We believe the evidence in the record did not support giving this instruction and that if given, it would have been confusing to the jury.

The appellant's reliance upon *Hunsberger v. Wyman*, (1966) 247 Ind. 369, 216 N.E.2d 345 as support for giving this instruction is misplaced since in *Hunsberger* the Indiana Supreme Court was confronted with a situation where both the plaintiff and the defendant were engaged in a common activity and, consequently, had the same knowledge or the same opportunity for knowledge regarding the dangers and risks involved. In the instant case, the parties clearly were not engaged in a common enterprise.

III. Denying Motion for Judgment on the Evidence

■■ Smith's final allegation is that the trial court erred when it denied Smith's motion for judgment on the evidence at the conclusion of North America's case. Appellant waived this alleged error when it proceeded to present evidence on its own behalf after the trial court denied this motion. *France v. State*, (1979) Ind.App., 387 N.E.2d 66; *Moore v. State*, (1978) Ind.App., 381 N.E.2d 523; *Meadowlark Farms, Inc. v. Warken*, (1978) Ind.App., 376 N.E.2d 122.

Were we, however, to reach the merits of this allegation, we are of the opinion the trial court did not err in denying Smith's motion for judgment on the evidence since in order to grant such a motion, the evidence must be without conflict and susceptible to but one inference which is in favor of the moving party.

Judgment affirmed.

YOUNG, P. J., and MILLER, J., concur.