INDIANAPOLIS RAILWAYS, INC. *v.* HORWITZ.

[No. 15,546. Filed June 15, 1937.]

*Harry C. Gause,* for appellant.

*Seth S. Ward* and *Richard Smith,* for appellee.

KIME, J.—Appellee filed a complaint in one paragraph wherein he alleged that he had received personal injuries by reason of the negligence of an agent or employee of appellant, the specific charging portion of the complaint being that the appellant, through its agent or employee, had negligently failed to keep proper and sufficient lookout while driving a motor driven bus; negligence in failing to stop when a collision with ap-

pellee was imminent and negligence in failing to give appellee warning of the approach of the vehicle.

This complaint was answered by a general denial, following which the cause was tried to a jury. A verdict in favor of the appellee for $100.00 resulted and a judgment was accordingly rendered. The errors assigned were that the court erred in overruling a motion for new trial, the grounds of which were that the verdict was not sustained by sufficient evidence and that it was contrary to law and that the court erred in refusing to direct the jury to return a verdict at the conclusion of all of the evidence.

The evidence is very meager and so far as is necessary to a decision here was mainly without conflict. It discloses that the driver of the bus was in the employ and paid by the Peoples Motor Coach Company which was controlled and operated by the Indianapolis Street Railway Company and not the Indiana Railways, Inc.; that upon the day the accident herein happened he was driving said bus westward on Market Street between Alabama and Delaware Streets in the city of Indianapolis; that at that time open market stalls were being operated on both sides of said Market Street between the above named streets and that at about 6:50 o'clock P. M. on March 28, 1933, after nightfall, there was parked at the curb a line of cars adjacent to the market stalls; that in addition other cars were double parked behind the first row of parked cars; that there was a solid line of traffic moving westward and along said Market Street and that from the time the bus in question left the intersection of Market and Alabama Streets until it reached the point of collision approximately one-half way between Alabama and Delaware Streets it had stopped three times because of the congested traffic; that when it reached a point one-half way between said Alabama and Delaware Streets the appellee, who oper-

ated a market stall on the south side of said Market Street, started to cross Market Street from north to south; and that he had, at that time, several baskets or hampers on his left shoulder which obscured his view to the east, which was the direction from which the bus was approaching. Appellee testified that he was walking along side the cars without elaborating as to what side or what car or cars and that that was all he knew about it. The only two eye witnesses testified positively and without contradiction that the appellee walked into the side of the bus; that the bus at the time was being driven not to exceed ten miles per hour; that it stopped immediately after the appellee collided with it and travelled but two feet from the point of collision.

There was some evidence, although very meager, from which an inference might have been drawn that the bus had painted upon its side the name Indianapolis Railways, Inc., but conceding without deciding that this might have been a logical inference, there was no positive evidence or any evidence from which an inference could have been drawn that the operator of the bus was an agent or employee of the Indianapolis Railways, Inc.

The evidence was without dispute that no warning was given of the approach of the vehicle, but this omission had no bearing on the collision. The undisputed evidence was to the effect that a constant and continuous lookout was maintained at all times and that there was no negligence in failing to stop the bus when a collision with the appellee was imminent. The evidence conclusively shows that the appellee was guilty of contributory negligence as a matter of law. Before the appellee would be entitled to recover under the complaint herein it must be established that the agent or employee of the appellant was guilty of negligence causing the injury and if the evidence establishes that the

appellee was guilty of negligence which contributed to the injury there can be no recovery. Since the only reasonable inference to be drawn from the undisputed evidence is that the appellee was guilty of contributory negligence there can be no recovery here. *Rush* v. *The Coal Bluff Mining Co.* (1891), 131 Ind. 135, 30 N. E. 904.

The allegation of negligence in the complaint is totally and entirely unsustained by the evidence. *Snyder* v. *New York Cent. R. Co.* (1935), 101 Ind. App. 258, 194 N. E. 796; *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 144 N. E. 545.

The verdict of the jury is not sustained by any evidence, is contrary to law and the motion for directed verdict in favor of the appellant should have been sustained.

The judgment of the Marion Municipal Court is reversed with instructions to grant appellant's motion for new trial.