MERRIMAN *v.* KRAFT.

[No. 769S159.  Filed July 15, 1969.]

*Robert H. Hahn,* Evansville and *Bamberger, Foreman, Oswald and Hahn,* of counsel, Evansville, for appellant.

*Jennings and Wilson, Ross E. Myers,* all of Evansville, for appellee.

ARTERBURN, J.—This case comes to us on transfer from the Appellate Court of Indiana. (See 242 N. E. 2d 526 for opinion of Appellate Court.)

This action was brought by plaintiff-appellee Kraft's complaint in three paragraphs which sought damages for personal injuries from the appellant-Merriman and Firestone Tire and Rubber Company. The trial was by jury which returned a verdict in favor of appellee and against appellant in the sum of Thirty Thousand Dollars ($30,000). Firestone was relieved of any liability by the jury's verdict. Appellant filed a motion for new trial, which was overruled, and judgment was entered accordingly.

The complaint alleged that at approximately 10:30 p.m. on July 15, 1964, the appellee was walking easterly on the public sidewalk abutting Covert Avenue in Evansville, Indiana. Appellant was operating an automobile westerly on Covert Avenue when she suddenly and without warning drove the automobile over the curb and onto the sidewalk, injuring the appellee.

Paragraph One of the complaint sought recovery against both defendants on the basis of negligence. Appellant was allegedly negligent in driving at a high and dangerous rate of speed, in failing to keep a lookout, in failing to apply the brakes, in failing to have reasonable control of the steering and in failing to sound her horn. Firestone was alleged to be negligent in that the car driven by appellant was equipped

with a tire manufactured and sold by them, which tire had been purchased approximately one week prior to the accident and had been used on the vehicle in normal operation in the manner reasonably intended. The appellee further alleged that when the car operated by the appellant reached a particular point in the street the tire ". . . blew out, collapsed, and went completely flat. . . . That the collapse of said tire was a proximate cause of the said automobile traveling up and over the curb and onto the sidewalk, thereby injuring the plaintiff."

Paragraph Two of the complaint asks for recovery against the appellant on the theory of *res ipsa loquitur*. The complaint "further alleges that the automobile which caused the plaintiff's injuries as aforesaid, was at all times herein mentioned under the exclusive and sole control of the defendant, Carita Merriman, and that the plaintiff had nothing whatsoever to do with the control and operation of said automobile and further had absolutely no knowledge regarding the operation and control of said vehicle."

Paragraph Three of the complaint sounded in strict liability and concerned only Firestone Tire and Rubber and does not concern us in deciding the questions raised on appeal.

Appellant first argues that the trial court erred when the cause was submitted to the jury under the doctrine of *res ipsa loquitur*. It is appellant's position that since the evidence tended to establish that the accident could have resulted from more than one cause, i.e., negligence of appellant and/or a defective tire manufactured and sold by Firestone, the doctrine of *res ipsa loquitur* does not apply.

With appellant's contention we can not agree. To assert the doctrine of *res ipsa loquitur* it is not necessary to prove that the *only* cause of the accident was defendant's negligence. To the contrary it is said:

" . . . the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that

in the light of ordinary experience *it would probably* not have happened if those who had the management or control of the causative instrument had exercised proper care. (Our emphasis) 21 I.L.E., *Negligence,* § 163, p. 401.

It is therefore not necessary for a plaintiff to exclude every other possibility other than the defendant's negligence as a cause. This principle has been recognized in Indiana.

"There is no reason in law why a plaintiff may not offer such evidence as may be available tending to show specifically the items of negligence and still rely upon the ■ inference also permitted under *res ipsa loquitur.* A number of different causes or inferences may be thus left to the final determination of the triers of the facts." *New York, Chi., etc. R. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 470, 146 N. E. 2d 531, 539; *Seneris* v. *Haas* (1955), 45 Cal. 2d 811, 291 P. 2d 915.

Other jurisdictions have held that when a car leaves the street and injures a pedestrian on the sidewalk, the doctrine of *res ipsa loquitur* applies.

"[b] Availability of doctrine.

Among the various types of automobile accidents there is at least one in which the *res ipsa loquitur* doctrine has been applied with appreciable consistency. Where a motor vehicle leaves the roadway without a prior collision and thereby causes injury or damage, the courts, as a general rule, are prepared to draw an inference of negligence from the occurrence, assuming, of course, that all the other conditions of applicability are met. Even those cases in which the doctrine was held inapplicable in the particular circumstances support the general proposition that the doctrine is available in this particular type of automobile accident by basing the result reached on one of the commonly accepted grounds of inapplicability, thus permitting the conclusion that if the stated grounds of inapplicability were eliminated the doctrine would have been applied." 79 A.L.R. 2d 18.

"25. Owner or driver of motor vehicle and third person.

[a] Generally.

The underlying reason for the application of the res ipsa loquitur doctrine, namely, that the chief evidence of the

true cause of the accident is practically accessible to the defendant but inaccessible to the plaintiff, gives the doctrine particular importance in those cases where a motor vehicle runs upon a sidewalk and strikes a pedestrian who is rightfully there, since in such situations the injured person is not in a position to know the cause of the mishap while the one in control of the instrumentality which causes the injury is or should be in a position to know, and since such an occurrence does not usually happen in the absence of negligence on the part of the one in control of the vehicle." 79 A. L. R. 2d 77.

The present case demonstrates the intended use of the doctrine of *res ipsa loquitur*. A pedestrian who is standing on a public sidewalk and struck by a car is entitled to have the doctrine applied when he shows that the instrumentality that caused his injury was under the exclusive control of the appellant and shows further that the accident was the result of appellant's lack of reasonable care. The only additional requirement placed on the appellee-plaintiff is that he be without information as to the exact cause of the accident. This requirement was satisfied by Paragraph Two of his complaint.

The appellant alleges that even if the doctrine of *res ipsa loquitur* did apply, such availability was lost when the appellee pled and introduced evidence of a tire blow-out. With this contention we are likewise unable to agree. While jurisdictions have differed on this issue, the rule in Indiana as expressed by the case of *New York, Chicago & St. Louis R. Co.* v. *Henderson, supra,* is that the appellee may still avail himself of the doctrine even though he pleads and offers evidence of specific acts of negligence under another paragraph of complaint.

"It is next argued that regardless of the allegations in the complaint if the plaintiff offers evidence of specific acts of negligence this will exclude *res ipsa loquitur* from the case. Such is not necessarily true since the facts still speak for themselves." *New York, Chicago & St. Louis R. Co.* v. *Henderson, supra,* 237 Ind. at 469.

The appellant next cites two cases in support of the proposition that the tire blow-out removes the case from the application of *res ipsa loquitur*. Both cases can be distinguished from the present case on the facts.

In *Klein* v. *Beeten* (1919), 169 Wis. 385, 172 N. W. 736, the court held the doctrine of *res ipsa loquitur* did not apply where the accident coud have occurred due to a blowout of the left front tire. However, the case does contain the following language:

". . . It is claimed on the part of the plaintiff that a blowout could not have caused the accident unless the car was going at an excessive rate of speed. There is no proof of that fact in the record, and we cannot take judicial notice that a blow-out of the front tire of a Ford automobile running at 15 miles an hour could not produce an accident such as this . . .". *Klein* v. *Beeten, supra,* at 737.

In the case before us there was evidence introduced that the tire not only hit something with a terrific force but that even if the car had suffered a blow-out of a rear tire at the speed appellant stated she was traveling, the blow-out would not have caused her to lose control of her vehicle. This evidence was presented to the trial court through the testimony of John Cox, an engineer employed by Firestone Tire and Rubber Company.

"Q. What was your conclusion then, Mr. Cox, as to the cause of the condition of this tire which you saw upon your examination?

"A. My opinion is that the tire hit an object with terrific force which was of such shape that it cut as well as impacted the sidewall of the tire.

"Q. All right, and in the course of making these tests you drove the car under these conditions, would you describe to the jury the effect of the steering wheel as you had it in your hand or with your finger on it at the time this dynamite cap exploded in the left rear wheel?

"A. I could detect no reaction on the wheel at all.

"Q. And what did it do, if anything, to the car?

"A. The, the path of the car did not deviate either.

"Q. Now, when you made the test at thirty miles an hour, was there any difference in the effect upon the steering wheel or the management of the car at the time the dynamite exploded than there was at twenty?

"A. I could not detect any, however our photographs were not satisfactory with the, with the arrangement we had."

The tests referred to by Cox were controlled experiments duplicating a blowout under similar conditions.

The other case cited by appellant in support of her position, *Cox* v. *Wilson*, Ky. 1954, 267 S. W. 2d 83, can also be differentiated from the present case. In the *Cox* case the evidence was undisputed that the accident resulted from a tire blowout.

"There was no dispute concerning the beginning of the trouble; all persons agreed that it was at the point where the tire blew out." *Cox* v. *Wilson*, *supra*, at 84, 85.

*Foulke* v. *Meiluta* (D.C. Penn. 1958), 164 F.Supp. 384, allowed the plaintiff to use the doctrine of *res ipsa loquitur* even though the defendant sought to explain the accident by stating his tire blew out. The court there held that the plaintiff should not lose the benefit of the doctrine merely because the defendant offers some explanation. This same reasoning is found in the *New York, Chicago & St. Louis R. Co.* case, *supra*, and is therefore approved by this Court.

This case also presents another question of first impression in this jurisdiction. Can the plaintiff sue co-defendants and still retain the applicability of *res ipsa loquitur* as against one of the defendants? We agree with other jurisdictions that have faced this issue that the answer is affirmative. See *Nichols* v. *Nold* (1953), 174 Kan. 613, 258 P. 2d 317 and *Zichler* v. *St. Louis Public Service* (1933), 332 Mo. 90, 59 S. W. 2d 654. Where all the circumstances exist which make the doctrine of *res ipsa loquitur* applicable, its benefits should not be lost merely because another possible tortfeasor is joined as a co-defendant. This woud be a logical

extension of the rule embraced by the *New York, Chicago & St. Louis R. Co.* case that the plaintiff may introduce evidence "as may be available tending to show specifically the items of negligence and still rely upon the inference also permitted under *res ipsa loquitur.*" In the present case, if appellant's story were true, the appellee could have recovered from Firestone under Paragraphs One and Three of the complaint. When the jury's verdict showed their disbelief in appellant's story concerning a tire failure, the appellee was able to recover under the *res ipsa loquitur* doctrine. There is no valid reason for forcing a plaintiff without a full knowledge of all the evidence to be presented at trial to choose which defendant he decides to pursue, or forego his right to have the doctrine of *res ipsa loquitur* applied.

Appellant next contends that the trial court erred in tendering to the jury, Instruction No. 9, which read as follows:

"The Court instructs the jury that the law permits the inference of negligence to be drawn against a defendant under certain sets of facts known as res ipsa loquitur, which means 'the thing speaks for itself'. This legal principle is properly applied to a situation where the injuring instrumentality is shown to be under the exclusive control of the defendant and the accident is one which under the circumstances does not ordinarily happen if the person controlling the instrumentality uses reasonable care. In such a case the happening of an accident from which an injury results creates a presumption of negligence and shifts to the defendant the burden of proving that it was not caused through any lack of reasonable care on his part.

"I further instruct you that under the rule of res ipsa loquitur the inference of negligence which is drawn from the facts is placed in the scales to be weighed with any and all explanations offered by the defendant. This inference of negligence does not vanish when the defendant comes forward with an explanation, or explanations, but on the contrary stays in the case to be considered by the jury with all the other evidence."

Appellant's objection to the above instruction, reads in part, as follows:

"7. The third sentence of Paragraph I of Instruction No. 9 is an incorrect and erroneous statement of the law for the

reason that where the doctrine of res ipsa loquitur is applicable it does not 'create a presumption of negligence' but only an inference of negligence.

"8. The defendant, Carita Merriman, further objects to the third sentence of Paragraph I of Instruction No. 9 for the reason that the statement that when the doctrine of res ipsa loquitur is applicable the burden of proving that the accident was not caused through any lack of care on the part of the defendant is an erroneous and incorrect statement of the doctrine. When the doctrine is applicable it merely shifts the burden to the defendant of coming forward with evidence of explanation. The burden of proving negligence remains with the plaintiff and does not shift. This Instruction places the burden of proof upon the defendant, Carita Merriman, and is therefore prejudicial and reversible error."

Appellant first objects to the use of the term "presumption of negligence" used in the instruction instead of using the term "inference of negligence". While this Court recognizes that the term "inference of negligence" is desirable in instructing the jury on the application of *res ipsa loquitur,* we do not believe that the use of the term "presumption of negligence" at one place in an instruction which uses "inference of negligence" three times is such a term of art that it constitutes reversible error. This position is further buttressed by Indiana cases which use the term "presumption of negligence" when speaking of the doctrine of *res ipsa loquitur.*

". . . The inference of negligence or, as sometimes stated the 'presumption' . . ." *New York, Chicago & St. Louis R. Co.* v. *Henderson, supra,* 237 Ind. at 466.

"We have no quarrel with appellant's assertion that no *presumption* arises from the mere fact that a collision occurred. This is true except where the doctrine of *res ipsa loquitur* applies." (Our emphasis) *Taylor* v. *Fitzpatrick* (1955), 235 Ind. 238, 242, 132 N. E. 2d 919.

Instruction No. 9, when read as a whole, correctly instructed the jury as to the doctrine of *res ipsa loquitur.* The use of the term "presumption of negligence" when used inter-

changeably and with the same intended meaning as the term "inference of negligence" did not so prejudice the appellant as to constitute reversible error.

Black's Law Dictionary, 4th Edition, defines presumption as follows:

"An *inference*, affirmative or disaffirmative, of the existence of a disputed fact . . ." (Our emphasis)

Webster's Third International Dictionary defines presumption as:

"An *inference* as to the existence of a fact not certainly known from the known or proved existence of some other fact." (Our emphasis)

It is evident that the terms "inference" and "presumption" are in common usage practically synonymous, and we believe in the context used in the instruction complained of it conveys a meaning of a permissible deduction which the triers of the fact may or may not accept, as they see fit.

Appellant also alleges error in the use of the words "and shifts to the defendant the burden of proving that it was not caused through any lack of reasonable care on his part." The appellant claims that the instruction has the effect of relieving the plaintiff from the burden of proof. We do not believe the instruction had this effect. The doctrine of *res ipsa loquitur* is a rule of evidence which allows an inference of negligence to be drawn from certain surrounding facts. *New York, Chicago, St. Louis R. Co.* v. *Henderson, supra.* As the appellant admits in her brief, where the doctrine is applicable it merely shifts to the defendant the burden of coming forward with evidence of explanation.

In *Cleveland, etc. R. Co.* v. *Hadley* (1907), 170 Ind. 204, 210, 84 N. E. 13, the court gave an instruction in a *res ipsa loquitur* case which stated:

"Or, in other words, the company has the burden of proving, in order to rebut the presumption of negligence, under the

circumstances, that the accident could not have been avoided by the exercise of the highest degree of practical care and diligence."

The appellant objected to the use of the word "burden" and argued that this instruction shifted the burden of proof. This Court rejected appellant's contention. In that case, as in the present case, the plaintiff had, with the aid of the doctrine of *res ipsa loquitur*, established a prima facie case. The court stated that when the instruction was read as a whole ". . . it is plain that the word burden was used in this instance in the sense of duty or obligation, and when so read the instruction is not subject to criticism." *Cleveland, etc. R. Co.* v. *Hadley, supra,* at 211.

The court reasoned in that case that a prima facie case of negligence having been established, ". . . appellant had the *burden* of establishing the existence of all separate collateral facts, which might be necessary to explain the cause of the accident and to demonstrate the use of proper diligence and care. . . ." *Cleveland, etc. R. Co.* v. *Hadley, supra,* at 211.

While the fact situations in the present case can be distinguished from the one confronting the court in the *Cleveland, etc. R. Co.* case, the court's reasoning would be applicable to the present case. The phrase "burden of proving" when the instruction is read as a whole only places upon the appellant the duty or obligation of presenting evidence to show that the accident "was not caused by any lack of reasonable care on his part." *Berry* v. *State* (1968), 251 Ind. 494, 242 N. E. 2d 355.

It further appears from the transcript that the court's Instruction No. 4 was as follows:

## "COURT'S INSTRUCTION NO. 4

"The plaintiff, Marion H. Kraft, has the burden of proving by a preponderance of the evidence the material allegations in his complaint.

"When I say that a party has the 'burden of proof' on any issue or use the expression 'if you find from a preponderance of the evidence,' I mean that you must be convinced from a consideration of all the evidence in the case that the issue which a party has the burden of proving is more probably true than not true."

This instruction correctly informed the jury that the plaintiff had the burden of proof as to the material allegations of his complaint. Any connotations which might have inadvertently arisen from the trial court's use of the phrase "burden of proving" was rendered harmless by this instruction and by looking at the objected to instruction as an entirety.

Appellant next objects to the use of the phrase "does not ordinarily happen" in Instruction No. 9 and urges the following phraseology should have replaced it:

". . . that the accident was one which in the ordinary experience of mankind would not have happened unless from the negligence of the defendant."

The trial court also gave appellant's Instruction No. 23, which stated:

"I have previously instructed you upon a doctrine in the law called *res ipsa loquitur*. I should like to further instruct you that if you find by a preponderance of the evidence that the accident in question was one which in the ordinary experience of mankind could have happened in the absence of negligence upon the part of the defendant Carita Merriman, then I instruct you that you may not, by reason of the accident, infer that the defendant Carita Merriman was negligent."

With these instructions read together, we fail to see any error which the trial court committed in using the phrase "does not ordinarily happen". This same phrase was used by this Court in *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 530, 121 N. E. 655, reh. denied at 124 N. E. 737:

". . . and the occurrence which produces the injury is one which in its nature *does not ordinarily happen* . . ." (Our emphasis)

In *New York, Chicago & St. Louis R. Co.* v. *Henderson, supra,* at 463, the court said:

". . . and the accident is such as in the ordinary course of things does not happen . . ."

The appellant next alleges that the trial court erred in not giving her Instruction No. 10, which stated that no presumption or inference of negligence arose by reason of the accident. This point is controlled by *Taylor* v. *Fitzpatrick, supra:*

"We have no quarrel with the appellant's assertion that no presumption arises from the mere fact that a collision occurred. This is true except where the doctrine of *res ipsa loquitur* applies." (Citing cases) (Our emphasis)

Once the court affirmatively determines that the doctrine of *res ipsa loquitur* applies, the result is that a factfinder (jury or judge) may infer negligence to the defendant from the arising of the accident.

The alleged errors, if any, complained of with reference to the instructions reviewed are not of such a substantial character as to mislead a jury, in our opinion. After all, that is the criterion by which we must determine whether or not a party has been prejudiced by an alleged erroneous instruction. It is regrettable to say that far too frequently the courts have been the victim of overly-refining the language of instructions such that they are held bad purely upon semantics or wording which has no substantial effect upon a jury.

"It is trite to say, but still true that words, after all, are merely signs or symbols of meaning. The meaning of the same words varies with the person, the time, and the place, not to mention other surrounding circumstances. In the expression of our ideas and meaning we strive with inexact tools to hue out works of refinement with precise lines, never able to reach perfection. The writing of instructions to juries is another field in which we are confronted

eternally with like attempts and failures at such exactness and precision. . . ." *Woods* v. *State* (1957), 236 Ind. 423, 428, 140 N. E. 2d 752.

In another case we had occasion to say:

"The verbal niceties and fine distinctions which analytical minds are capable of making in the use of words are not to be invoked to hamper trial courts, and to work reversals in this court, when it is plain that a man of ordinary understanding would not be misled." *Mishler* v. *Chicago, etc. R. Co.* (1919), 188 Ind. 189, 195, 122 N. E. 657, 659.

It taxes the limits of a legally trained mind to make any real distinction in the phraseology condemned in this case on the one side and approved on the other in the instructions, and we doubt that any legally trained mind would be misled by the instructions attacked. If that be true, then certainly a non-legally trained mind, such as a layman in a jury box, would not be misled by the meaning of the instructions in this case. We must be controlled in determining whether an instruction is erroneous or not, by, whether viewing the instructions as a whole, with all other instructions, a complaining party was actually prejudiced. In this case the distinctions in meaning are so refined with reference to the verbage complained of that we find that no prejudice resulted therefrom. Taking into consideration the fact that no two words in the English language have exactly the same meaning, this Court is compelled from time to time to view the over-all import or sense of the instruction.

Appellant's motion for a new trial contains other specifications of error. However, since the appellant fails to argue them, they are waived under Supreme Court Rule 2-17.

Transfer from the Appellate Court to the Supreme Court is granted, and the judgment of the trial court is affirmed.

DeBruler, C.J., Hunter and Givan, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 249 N. E. 2d 485.