THE PHOENIX OF HARTFORD INSURANCE COMPANIES AND ITS
SUCCESSORS *v.* LEAGUE, INC.

[No. 1171A231. Filed February 28, 1973. Rehearing denied March 27,
1973. Transfer denied July 16, 1973.]

*James E. Fields*, of Evansville, for appellant.

*Gaylon Clark, McCray, Clark, Statham & McCray*, of counsel, of Evansville, for appellee.

LYBROOK, J.—This appeal arises from a negligence action wherein plaintiff-appellant, The Phoenix of Hartford Insurance Companies and Its Successors (Phoenix), as subrogee of its insured, an apartment building owner, sought judgment for damages allegedly caused by an employee of defendant-appellee, League, Inc. The complaint charged that League's employee negligently set fire to the apartment building. A jury verdict was returned against Phoenix and it appeals.

The sole issue presented is whether the trial court erred

in refusing to give Phoenix's tendered instruction concerning the doctrine of *res ipsa loquitur.*

The evidence showed that on June 3, 1965, a fire occurred in a new apartment complex owned by Phoenix's insured. On that date, League's employee was doing plumbing work in the unoccupied building: specifically, utilizing a "prestolite" torch to repair a leak in a condensation drain pipe. The leak had been discovered that morning and was located near the origin of the fire.

League maintains that since Phoenix neither specifically pleaded the doctrine of *res ipsa loquitur,* nor indicated at the pre-trial conference that it intended to rely thereon, it waived any instruction on the doctrine.

To support this contention, League relies on TR 9.1(B), which reads:

> "Res ipsa loquitur or a similar doctrine *may* be pleaded by alleging generally that the facts connected with the action are unknown to the pleader and are within the knowledge of the opposing party." (Our emphasis.)

Obviously, the above rule is not mandatory. Furthermore, in *New York, Chi., etc. R. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N.E.2d 531 the court quoted with approval from *Harper and James'* treatise on the law of torts as follows:

> " 'It has occasionally been held that a plaintiff who pleads specific items of negligence thereby precludes himself from the benefit of res ipsa loquitur even though the proof makes out a case where it would otherwise apply. The reason given for the rule is that such a plaintiff shows he has access to the facts and therefore is not in need of a doctrine designed to aid plaintiffs who lack this access. Such a rule is generally repudiated and is altogether indefensible.
>
> 'It may (to be sure) fairly be urged that the pleadings must lay a basis for the application of the doctrine in any given case, but this rule of fairness should be administered in accordance with the liberal principles of modern pleading and not according to any rule of thumb. Thus, as we have seen, the proof in a res ipsa loquitur case seldom points to a single specific act or omission. Typically, it points

to several alternative explanations involving negligence (e.g., negligence in construction, maintenance, or operation) without indicating which of them is more probable than the other. In such a case the pleadings may well be required to cover the alternative explanations, so as to give fair notice to the adversary of the scope of the case he has to meet. In practice this usually is not a very onerous requirement and can be met either by broad generality of allegations, or by listing all the specific acts or omissions to which the proof may point, or by combining general with specific allegations. And even if the pleadings fall short in this respect, free use of amendment should be allowed and the pleadings treated as amended where defendant's proof has been directed to all the claimed explanations so that the matter may be treated as litigated by consent. Only in a case where defendant has been genuinely and justifiably misled by the pleadings so that he has actually failed to prepare a defense to a case based on the doctrine should its application be denied on the basis of the pleadings.' Harper and James, Torts, Vol. 2, § 19.10, pp. 1096, 1097; 1 Gavit, Indiana Pleading & Practice, Sec. 147(e), p. 679."

Our Indiana Supreme Court stated in *Merriman* v. *Kraft* (1969), 253 Ind. 58, 249 N.E.2d 485:

"The doctrine of *res ipsa loquitur* is a rule of evidence which allows an inference of negligence to be drawn from certain surrounding facts. *New York, Chicago, St. Louis R. Co.* v. *Henderson, supra.*"

We hold that *res ipsa loquitur*, like any other rule of evidence, need not be specifically pleaded. The trial court, if the situation warrants, should instruct on the doctrine.

Appellant next argues that the doctrine of *res ipsa loquitur* is inapplicable in the case at bar, because the testimony concerning the cause of the fire was conflicting.

The testimony of John Waddy, finishing superintendent for the apartment owner, was that at 8:00 A.M., on June 3, 1965, he discovered a leak in the condensation drain pipe, located in a utility closet. He immediately reported this to the plumber, who said he would repair it. At approximately

8:30 A.M., Waddy saw the plumber enter the apartment, carrying his tools.

Waddy further testified that the plumber would have to have cut a 6 or 8 inch hole in the drywall to repair the leak, which was inside the wall; that there is a certain amount of combustible material inside a wall, such as sawdust which would burn "like punk," and pine studs and celotex; and that a "prestolite" torch, such as the plumber used, will emit sparks and flame. He also testified that some form of fire protection was necessary when working in a close area such as this with a torch.

Waddy also testified that no one else was scheduled to work in the apartment that day, except possibly a painter to touch up, and that he saw no one else in the building.

At approximately 4:00 P.M., Waddy discovered the fire while inspecting and locking up the apartments. When he opened the utility closet door, the fire "started really flaming."

Robert Green, an inspector for the Fire Prevention Bureau of the Evansville Fire Department, testified that his investigation of the fire indicated that it started in the wall of the utility closet and that in his opinion, the plumber "set the fire through his normal course of sweating the pipes."

Green testified that he talked with several workmen in the course of his investigation and that the plumber admitted being in the apartment, using a "prestolite" torch to sweat a joint on the pipe.

Green further testified that pine studs or celotex could smolder in a wall for 10 hours, and possibly as long as 24 hours, before bursting into flame.

Leo Hilliard, League's superintendent, testified that he and a Mr. Hight, the plumber, were the only ones in the apartment with a hot torch and an open flame.

Fire Inspector Green stated there was no electrical wiring in the wall, and no electricity directly involved in this area. The water heater was located on the next floor above.

Appellant contends that the above testimony was sufficient to invoke the doctrine of *res ipsa loquitur*.

Appellant relies heavily upon a strikingly similar case, *Wilson* v. *Paul* (1970, Iowa Supreme Court), 176 N. W. 2d 807. That case, like the case at bar, was an action by the owners of an apartment building, against the plumbing contractor, for damages resulting from a fire allegedly caused by a plumber's blowtorch. In applying the doctrine of *res ipsa loquitur*, the court stated at page 811:

> "The evidence established the point where the fire originated. The jury could find it was caused by defendant's torch. The evidence would support a jury finding that the fire started when defendant had the exclusive control and management of the torch. Common experience tells us that fires of this kind would not occur in the ordinary course of things if workmen used reasonable care. There was a sufficient showing of the foundation facts for the application of the doctrine of res ipsa loquitur. The fact that a fire resulted here would allow, though not compel, the jury to draw the inference that defendant was negligent."

In *New York, Chi., etc. R. R. Co.* v. *Henderson, supra*, our Supreme Court observed:

> "Frequently it is said the doctrine is applicable and negligence may be inferred 'where the thing (injuring instrumentality) is shown to be under the management of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care.' *Scott* v. *London & St. Katherine Docks Co.* (1865), 3 H. & C. 596, p. 601; 159 Eng. Rep. 665, p. 667."

Thus, the question in the case at bar becomes "Did the plaintiff submit evidence from which the jury could have found:

1. That the fire was caused by defendant's use of the "prestolite" torch,
2. That defendant had exclusive control of said torch, and
3. That in the ordinary course of things the fire would not have happened if defendant had used proper care?"

Green testified that the fire was caused by the torch; Hilliard admitted to defendant's exclusive control of said torch; and it could fairly be said that in the ordinary course of sweating a joint, a fire would not occur if proper care were used.

In *Merriman* v. *Kraft, supra,* the court stated:

"To assert the doctrine of *res ipsa loquitur* it is not necessary to prove that the *only* cause of the accident was defendant's negligence. To the contrary it is said:

'. . . the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in the light of ordinary experience *it would probably* not have happened if those who had the management or control of the causative instrument had exercised proper care. (Our emphasis) 21 I.L.E., *Negligence,* § 163, p. 401.'

It is therefore not necessary for a plaintiff to exclude every other possibility other than the defendant's negligence as a cause. This principle has been recognized in Indiana.

'There is no reason in law why a plaintiff may not offer such evidence as may be available tending to show specifically the items of negligence and still rely upon the inference also permitted under *res ipsa loquitur.* A number of different causes or inferences may be thus left to the final determination of the triers of the facts.' *New York, Chi., etc. R. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 470, 146 N.E.2d 531, 539; *Seneris* v. *Haas* (1955), 45 Cal. 2d 811, 291 P. 2d 915."

Appellee cites *Henley* v. *Nu-Gas Co.* (1971), 149 Ind. App. 307, 271 N.E.2d 741, a recent case involving a fire in a mobile home, allegedly caused by a hot water heater which had recently been serviced by defendant company.

Although the doctrine of *res ipsa loquitur* was held inapplicable in that case, it can be distinguished from the case at bar, in that the gas water heater was not in the exclusive control of the defendant.

We conclude, therefore, that the trial court should have given a proper instruction on the doctrine of *res ipsa loquitur.*

Judgment reversed and cause remanded for new trial.

Robertson, P.J. and Lowdermilk, J., concur.