STATE OF INDIANA *v.* DONALD A. HALLADAY, INTERSTATE MOTOR LINES, INC., AND RANDOLPH GROWERS, INC.,

[No. 2-376A99. Filed March 29, 1978]

*Theodore L. Sendak*, Attorney General of Indiana, *Robert F. Colker*, Deputy Attorney General, for appellant.

*Tony Foster*, of Indianapolis, *Kent G. Klinge*, of Richmond, *Franklin A. Safrin*, of Indianapolis, for appellees.

SULLIVAN, J.— In the early morning hours of December 31, 1968, a tractor-trailer collided with a panel truck in the west-bound lanes of Interstate 70, just south of New Castle, Indiana. The collision caused extensive damage to a state-owned bridge, which prompted the State of Indiana to initiate this lawsuit. The State sought $8,380.50 in damages from Donald A. Halladay, the tractor-trailer operator, and asserted liability under the doctrine of respondeat superior against both Interstate Motor Lines, Inc., Halladay's employer, and Randolph Growers, Inc., the alleged owner of the panel truck. At the close of plaintiff's case, the trial court granted Randolph's Motion for Judgment on the Evidence pursuant to Ind. Rules of Procedure, Trial Rule 50. The claims against Halladay and Interstate were submitted to the jury, which decided in favor of both remaining defendants. The State appeals, claiming error in the trial court's entry of judgment in Randolph's favor.[1]

---

1. The State does not contest the judgments in favor of Halladay or Interstate.

Both occupants of the panel truck were killed. During the State's case in chief and prior to the granting of Randolph's Motion for Judgment on the Evidence, the only testimony regarding the circumstances of the accident came from an investigating State Police officer.[2] From this testimony it was inferable that the panel truck bore the name Randolph Growers and that the panel truck, at the time of the collision, was being operated without lights and with defective tires.

Our Supreme Court has consistently held that a motion for judgment on the evidence should be granted only where there is a "lack of reasonable evidence of probative value upon one or more of the factual issues necessary to support a verdict and there is no reasonable inference that can be drawn from such evidence in favor of the plaintiff." *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, 707.

The paucity of evidence on which the State relies to withstand the motion for judgment on the evidence is startling. The State's complaint asserted vicarious liability against Randolph, yet not one shred of evidence was submitted to show the identity of the panel truck operator,[3] whether he was employed by Randolph and if so, whether he was acting within the scope of his employment. In fact, the State offered no evidence to even prove the ownership of the panel truck.

The State contends that because a sign on the side of the panel truck displayed Randolph's name, address and telephone number, that "[t]he jury would [sic] conclude . . . that the truck was being operated for the special benefit of Randolph, and therefore that Randolph is respon-

---

2. After the State had rested its case as against all defendants and after Randolph's Motion for Judgment on the Evidence had been granted, Halladay, the driver of the tractor-trailer testified in defense of himself and Interstate. He testified that he was driving west in the "running lane" of Interstate 70 when he came upon the panel truck. Because the panel truck had no lights or other reflective material, it was not seen by Halladay until he was about 150 feet from it. Trying to avoid a collision, he swerved the tractor-trailer into the passing lane, but because of his near-capacity load and proximity to the panel truck, his efforts were unsuccessful. The trailer collided with the rear of the panel truck, demolishing it and sending portions of its body over the bridge into the water below.

3. As noted, the panel truck contained two occupants—a male and a female. Although the complaint alleged the driver to be Charles S. Steelman, the State offered no evidence to show which of the two occupants was operating the panel truck.

sible for the reasonable operation of the truck." (Appellant's Brief, p. 8). Therefore, it is argued that a factual dispute existed with regard to an element essential to recovery (agency) sufficient to withstand Randolph's Motion for Judgment on the Evidence.

We agree that the existence *vel non* of an agency relationship is normally a question of fact for the jury's resolution. *Watson v. Tempco Transportation, Inc.* (1972), 151 Ind. App. 644, 281 N.E.2d 131, 134. Nevertheless, one charged with vicarious liability may be entitled to judgment as a matter of law "where the facts are undisputed and there is no evidence in support of the conclusion that a master-servant relationship existed." *Id.*

The mere fact that Randolph's name was displayed on the side of the vehicle is wholly insufficient to support any reasonable inference that the driver, whoever it may have been, was an agent or employee of Randolph and that he was acting within the scope of his employment. *Pace v. Couture* (1971), 150 Ind. App. 220, 276 N.E.2d 213, 218. See also *Indianapolis Railways, Inc. v. Horwitz* (1937), 103 Ind. App. 478, 8 N.E.2d 1015. Absent any other evidence tending to establish an agency relationship, Randolph was entitled, as a matter of law, to judgment on the evidence.

Our decision on the agency issue necessarily disposes of the State's reliance on the doctrine of res ipsa loquitur as establishing a prima facie case, sufficient to withstand a motion for judgment on the evidence.[4] Applicability of the doctrine requires proof that the agency or instrumentality which caused the injury was within the exclusive management and control of the defendant, and that the accident would ordinarily not have occurred but for an act of negligence. See *Carpenter v. Campbell* (1971), 149 Ind. App. 189, 271 N.E.2d 163, 167.

Because the State wholly failed to establish an agency relationship

---

4. We note in passing that the State did not make known its reliance on the doctrine of res ipsa loquitur until the day before trial was scheduled to commence. Nor did the complaint allege that the facts were unknown to the pleader and were within the knowledge of the opposing party, as suggested, though not required, by T.R. 9.1 (B). See *The Phoenix of Hartford Insurance Companies v. League, Inc.* (1973), 155 Ind. App. 342, 293 N.E.2d 58.

between the driver of the panel truck and Randolph, it cannot be said that Randolph had exclusive control of the instrumentality which caused the injury. Therefore, the State's res ipsa theory was no impediment to a judgment on the evidence for Randolph. See *Farmer v. Werner Transportation Co.* (1972), 152 Ind. App. 609, 284 N.E.2d 861.

Finally, the State contends that "there is an inherent prejudice when less than all of the defendants are granted judgment on the evidence" because "[f]rom that point on, the jury will tend to believe all exculpatory statements of the remaining defendants and to downgrade even the most compelling evidence put on by plaintiff." (Appellant's Brief, p. 11).

We think this argument, and the premise upon which it rests, untenable. It ignores the history and purpose of TR. 50, which clearly contemplates granting judgment on the evidence as to less than all the parties:

"(D) . . . In appropriate cases the court, in whole or in part, may grant to some or all of the parties a judgment on the evidence . . ."

If prejudice arose simply because a judgment on the evidence was granted as to less than all defendants, the clear import of TR. 50(D) would be nullified. Thus, we decline the State's invitation to contravene the rule by finding a generalized "inherent prejudice" in such a practice. See *Ind. State Highway Comm. v. Clark* (1978), 371 N.E.2d 1323.

The judgment is affirmed.

White, J. and Lowdermilk, J. (participating by designation) concur.

NOTE—Reported at 374 N.E.2d 51.