**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Everett I. BROWN, Appellee (Defendant Below).**

**No. 1-1280A369.**

Court of Appeals of Indiana, First District.

July 7, 1981.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellant.

Alan H. Lobley, Ice, Miller, Donadio & Ryan, Indianapolis, for appellee.

ROBERTSON, Judge.

The State of Indiana (State) appeals a negative judgment entered in favor of the Everett I. Brown Company (Brown). The State brought suit against Brown to recover public funds allegedly overpaid in relation to architectural fees for services rendered by Brown pursuant to a contract with the Michigan City Area School Corporation (school corporation).

Brown and the school corporation entered into a contract in which Brown promised to furnish basic architectural services for the renovation and construction of certain schools owned by the corporation in September of 1973. The contract provided that Brown was to receive a percentage of the project construction cost as compensation. Project construction cost was defined in the contract as follows:

> Project construction cost as herein referred to means the total cost of all work designed or specified by the architect, but does not include any payment made to the architect or consultant.

In April of 1974, Brown and the school corporation entered into an addendum to the original contract in which Brown agreed to provide coordination and on site supervision of the project. The addendum provided that Brown's fee for these additional services was to be included in the project construction cost.

The State Board of Accounts audited the school corporation's records and determined that the school corporation overpaid Brown. The State initiated suit by bringing a three count complaint against Brown. Brown moved to dismiss the first count of the complaint pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), for failure to state a claim upon which relief can be granted. The trial court dismissed this count and a trial on the remaining two counts followed. The trial court initially found for the State but sustained Brown's motion to correct errors and entered an amended judgment. The amended judgment found that Brown's fees were for professional services and noted that a question existed as to whether the State had standing to maintain this action.

The State raises four issues on appeal. The State argues the trial court erred in dismissing the first count of their complaint, that the issues contained in count one were tried by implied consent during the trial on the remaining counts, that the State had standing to bring this case, and that the trial court erred in granting Brown's motion to correct errors. Count one of the State's complaint alleges that Brown improperly included the fee for the additional coordination and on site supervision in the project construction costs even though the definition of that term expressly excluded architect's fees. Counts two and three of the complaint allege that the addendum did not comply with the laws governing public bidding and bonds on school construction contracts.

■ The trial court properly dismissed the first count of the State's complaint. The State has alleged that Brown has earned a fee upon a fee because the compensation they received for the field supervision and coordination was included in the project construction cost. The architect's fee Brown received was a percentage of the project construction cost, such that Brown's architect's fee included payment for services which Brown had been previously compensated. While this activity is somewhat unpalatable and should be discouraged, the State's complaint did not demonstrate any violation of law. The contract between Brown and the school corporation clearly

provides for payment in this manner and payment was made in accordance to the contract terms.

 The second issue the State raises is whether the issues contained in count one were tried by implication during the trial of counts two and three. Issues outside of the pleadings may be tried by express or implied consent of the parties. *See, Ind. Rules of Procedure*, Trial Rule 15(B). The State, however, conceded during the trial of the issues contained in counts two and three, that count one had been dismissed and that they were proceeding on the remaining counts. The elements of proof among the various counts were very similar such that Brown had no notice that the State was proceeding on the theories other than contained in counts two and three. In *Bahre v. Metropolitan School District of Washington Township*, (1980) Ind.App., 400 N.E.2d 197, 200 we stated:

> While this court is in full accord with those cases permitting a liberal interpretation of T.R. 15(B) which allow the pleadings to be amended to conform to the evidence presented at trial under an implied consent concept, we also believe that this basic precept notwithstanding, the opposing party must have the benefit of some type of notice as to what additional theories of recovery are being litigated when such a change from the pleadings is not readily apparent from the scope of the evidence presented at the trial.

We remain unpersuaded that the issues in count one were tried by the implied consent of the parties because of the lack of notice and the State's admission to the contrary during the trial.

The final issues raised by the State are whether the State has standing and whether the trial court erred by granting Brown's motion to correct errors. The amended judgment questioned the State's standing, but also found for Brown on the merits. The finding on the merits vitiates the ne-cessity of examining the issue of standing. The State alleged in counts two and three of its complaint that Brown did not comply with the statutes governing public bidding and bonding for public construction.

 The trial court found that Brown was compensated for his professional services as an architect and for the additional services they performed pursuant to the addendum. The essence of the State's claim is that the services performed pursuant to the addendum should have been publicly bid. These services consisted of field supervision and coordination of activities at the construction site, such that Brown acted as a construction manager. A witness for the State admitted that these services are not usually bid because they are considered professional services. In Indiana, contracts for professional services, such as the services of an architect, are not required to be competitively bid. *Cress v. State*, (1926) 198 Ind. 323, 152 N.E. 822. The standard of review governing negative judgments is that a negative finding may be set aside only if the evidence is uncontradicted and will support no reasonable inference in favor of the findings. *Taxpayers Lobby of Indiana, Inc., v. Orr*, (1974) 262 Ind. 92, 311 N.E.2d 814. With this standard in mind, we find no error in the trial court's determination that Brown was paid for professional services.

The judgment is affirmed.

NEAL, P. J., and RATLIFF, J., concur.